UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ACEDO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, CARLOS OMEDA, JOHN DOE, and JANE DOE 1 THROUGH 100,<br><br>　　　　　　　　　　　Defendants. | Case No.: 17-CV-2592 JLS (JLB)<br><br>**ORDER: (1) DENYING MOTION TO STAY; AND (2) DENYING AS MOOT MOTION FOR EXTENSION OF TIME**<br><br>(ECF No. 35) |

Presently before the Court is Plaintiff Daniel Acedo's Motion for Stay and Extension of Time. ECF No. 35. Plaintiff requests the Court stay the current litigation and grant him an extension to file an amended complaint. For the following reasons, the Court **DENIES** the Motion.

"District courts have inherent authority to stay proceedings before them." *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003) abrogated on other grounds by *Ryan v. Gonzales*, 568 U.S. 57 (2013). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to stay an action, a court must weigh

competing interests that the granting or denial of a stay will affect. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). As articulated by the Ninth Circuit, a court should use the three *Landis* factors in this analysis:

> Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* (citing *Landis*, 299 U.S. at 254–55).

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255.) "If there is even a fair possibility that the stay for which [the movant] prays for will work damage to someone else," the movant "must make out a clear case of hardship or inequity in being required to go forward." *CMAX*, 300 F.2d at 268 (quoting *Landis*, 299 U.S. at 255).

Plaintiff requests a stay because he claims to have uncovered a potential cause of action for legal malpractice against his previous attorney. Mot. at 1-2. According to Plaintiff, the stay is necessary in order to toll the statute of limitations, allow him to present his claim to the County of San Diego Board of Supervisors, and to give him time to obtain the records necessary to state his new claim. *Id.* at 6-8.

Here, Plaintiff has failed to meet his burden to show that a stay is necessary. Defendants have filed a motion to dismiss which is currently pending and a stay would burden their interest in a speedy resolution of the case, simply so that Plaintiff may investigate his possible claim against a third party. The Court also does not find that a stay would simplify the issues, proof, or questions of law in this case in any way. And forcing Plaintiff to investigate his potential claims while litigating the issues currently before the Court would not be a "clear case of hardship or inequity in being required to go forward." *See CMAX*, 300 F.2d at 268 (quoting *Landis*, 299 U.S. at 255). Therefore, the Court **DENIES** Plaintiff's Motion for Stay.

///

In addition to requesting a stay, Plaintiff also requests an extension of time to file an amended complaint. *See* Mot. at 8. After filing the present Motion, however, Plaintiff subsequently filed an amended complaint. *See* ECF No. 40. Therefore, the Court **DENIES AS MOOT** Plaintiff's request for an extension of time, and accepts Plaintiff's Amended Complaint despite the late filing.

**IT IS SO ORDERED.**

Dated: January 23, 2019

Hon. Janis L. Sammartino
United States District Judge