UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ACEDO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; PAUL RICHARDS; CARLOS OLMEDA; CAROLYN COLVIN; CALIFORNIA DEPARTMENT OF VITAL STATISTICS; CALIFORNIA DIRECTOR OF SOCIAL SERVICES; DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES; and BOARD OF THE COUNTY OF SAN DIEGO,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-CV-2592 JLS (JLB)<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>(ECF No. 41) |

  Presently before the Court is Defendants the County of San Diego and Carlos Olmeda's (together, the "Moving Defendants") Motion to Dismiss ("Mot.," ECF No. 41). Plaintiff Daniel Acedo filed a Response in Opposition to ("Opp'n," ECF No. 44) and the Moving Defendants filed a Reply in Support of ("Reply," ECF No. 53) the Motion. After considering the Parties' arguments and the law, the Court **GRANTS** the Moving Defendants' Motion.

# BACKGROUND

Plaintiff Daniel Acedo, proceeding *pro se*, is currently an inmate at California Men's Colony. *See generally* First Amended Complaint ("FAC"), ECF No. 40; *see also* Mot. at 6.[1] Defendant Carlos Olmeda is a social worker who worked for Defendant the County of San Diego during the events in question. *See generally* FAC.

Plaintiff's claims stem from two hearings held in April and May of 2000 before the California Superior Court, Juvenile Division ("Juvenile Court") regarding a petition to terminate Plaintiff's biological parents' parental rights. FAC at 6–7, 12. Plaintiff alleges that during those hearings, Defendant Olmeda falsely stated that his mother had relinquished her parental rights even though Defendant Olmeda possessed letters from Plaintiff's mother in which she requested custody of Plaintiff. *Id.* at 6–7, 12–13. Plaintiff alleges that the Juvenile Court treated Defendant Olmeda's statements as an equivalent to his mother abandoning custody, causing him damages for which he now seeks recovery. *Id.* at 13. Plaintiff also alleges that Defendant Paul Richards,[2] his court appointed legal counsel during the hearings, provided ineffective legal services that denied him a chance at family reunification, causing him emotional distress when he was "lost in the system." *Id.* at 7, 10. Plaintiff contends that the County is vicariously liable for the actions of both Defendants Olmeda and Richards. *Id.*

Prior to filing his original complaint, Plaintiff presented several claims to the County. On September 20, 2016, Plaintiff presented a claim to the County alleging negligence, fraud, and due process violations against the Moving Defendants. FAC, Ex. 3(A) at 92–95 ("First County Claim").[3] On October 11, 2016, the County formally

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

[2] The County does not purport to represent Defendant Richards. Thus, for the purposes of this Motion, the Court considers the claims against Defendant Richards only to the extent they impact the claims against the County.

[3] Plaintiff attached numerous exhibits to the FAC, only some of which are numbered. The Court includes Plaintiff's exhibit numbers where clearly marked in addition to the CM/ECF page numbers.

rejected Plaintiff's First County Claim on the grounds that it was untimely filed. FAC at 96. Plaintiff filed a second claim with the County against Defendant Richards on September 24, 2018. FAC, Ex. 3 at 69 ("Second County Claim").[4] On November 8, 2018, the County denied Plaintiff's Second County Claim as untimely. *Id.* at 76. Plaintiff alleges that the Board of Supervisors of the County of San Diego[5] abused its discretion when it rejected his claims. *Id.* at 18, 20–21.

After the County dismissed Plaintiff's First County Claim, Plaintiff filed suit in the Superior Court of the County of San Diego. Defendants removed the case to this Court on December 29, 2017. *See generally* Notice of Removal, ECF No. 1. Defendants then moved to dismiss, ECF No. 4, and, on July 16, 2018, the Court granted Defendants' motion with leave to amend. ECF No. 29 at 23. After several extensions of time, Plaintiff filed his FAC, *see generally* FAC, and the Moving Defendants filed the Motion now before the Court. *See generally* Mot.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

---

[4] The Moving Defendants request the Court take judicial notice of the Second County Claim. *See* Request for Judicial Notice, ECF No. 41-2. Plaintiff attaches the Second County Claim to his FAC, *see* FAC at 76–77, making it part of the complaint and proper for the Court to consider to determine this Motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[A] court may consider 'material which is properly submitted as part of the complaint' on a motion to dismiss." (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). The Moving Defendants Request for Judicial Notice is therefore **DENIED AS MOOT**.

[5] The Board of Supervisors is the governing body of the County of San Diego and, as such, is not an independent defendant. *See* Cal. Gov't Code § 900.2.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must construe the complaint and all reasonable inferences drawn therefrom in the light most favorable to Plaintiff. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). When a plaintiff appears pro se, the court must be careful to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. *See id.*; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

The Moving Defendants contend that the Court must dismiss all of Plaintiff's claims against them. *See generally* Mot. The Court addresses Plaintiff's claim against Defendant Olmeda first and then moves to Plaintiff's claims against the County.

### I. Plaintiff's Claim Against Defendant Olmeda

Plaintiff's third cause of action arises out of Defendant Olmeda's alleged false testimony before the Juvenile Court and asserts that Defendant Olmeda "is charged with perjury." FAC at 4, 12–13. Reviewing the allegations in the FAC, the Court believes that Plaintiff could actually be raising a fraud claim. *See generally id.* at 12–13. Because there is some ambiguity, the Court will review both potential claims.

///

### A. Perjury

The Moving Defendants contend that Plaintiff's perjury claim against Defendant Olmeda must be dismissed because perjury is not a viable civil claim. *Id.* at 11–16. The Court must agree. Indeed, there is no civil cause of action for perjury under California law. *Temple Cmty. Hosp. v. Super. Ct.*, 20 Cal. 4th 464, 472 (1999). Perjury is solely a criminal wrong. *Id.* Plaintiff therefore cannot bring a civil cause of action against Defendant Olmeda for perjury. Accordingly, the Court **DISMISSES** Plaintiff's perjury claim.

### B. Fraud

The Moving Defendants contend that if the Court construes the third cause of action as a claim for fraud, dismissal is warranted for several reasons, including: Plaintiff failed to comply with the California Torts Claims Act ("CTCA"); the claim is barred by the statute of limitations; Defendant Olmeda is entitled to immunity; and the *Rooker-Feldman* Doctrine bars the claim. Mot. at 12–16. Because the Court agrees that Plaintiff failed to comply with the CTCA, dismissal is appropriate.

The CTCA provides a limited waiver of California's sovereign immunity against claims for money or damages. *See Dixon v. City of Turlock*, 219 Cal. App. 3d 907, 909 (1990). Under the CTCA, a plaintiff can bring claims for money or damages against state and local public entities only if the plaintiff complies with the strict procedural requirements enumerated in the CTCA. *See* Cal. Gov't Code § 945.4. Among the procedural prerequisites before filing suit is the CTCA's requirement that a claimant files a written claim with the proper public entity. *See id.* §§ 905.2, 910, 911.2, 945.4. The claimant must present the claim to the public entity no later than six months after the cause of action accrued. *Id.* § 911.2. If the claimant fails to present the claim within six months, the claimant may make a written application to the public entity for leave to present the late claim "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." *Id.*

Here, Plaintiff presented his First County Claim on September 20, 2016. FAC, Ex. 18 at 80, 95. On October 11, 2016, the County issued a Notice of Returned Claim and

5

17-CV-2592 JLS (JLB)

returned the Plaintiff's claim "because it was not presented within six months after the event as required by law." *Id.* at 96 (citing Cal. Gov. Code §§ 901, 911.2). Plaintiff filed an application for late claim relief on March 20, 2017. *Id.* at 97–104. The County denied the application because Plaintiff's claim was "over one year late." *Id.* at 105. The County noted in the Notice of Returned Claim that Plaintiff's "only recourse . . . [was] to file a petition to the appropriate court for an order relieving [Plaintiff] from the provisions of Government Code Section 945.4." *Id.* at 96. Based on these facts, the Court finds Plaintiff failed timely to present his claim and is barred from bringing suit, unless he is excused from the claim presentation requirements. *See City of Stockton v. Super. Ct.*, 42 Cal. 4th 730, 738 (2007).

Despite his failure to timely file, Plaintiff argues that this Court may grant him relief pursuant to California Government Code section 946.6 and excuse his failure to file timely. *See* FAC at 20. This Court, however, does not have jurisdiction to grant such relief. Section 946.6 states that if an application for late claim relief is denied, "a petition may be made to the court for an order relieving the petitioner from [the claim presentation requirements]. The proper court for filing the petition is a *superior court* that would be a proper court for the trial of an action on the cause of action to which the claim relates." Cal Gov't Code § 946.6(a) (emphasis added). The plain language of the statute specifies that Plaintiff was required to file a petition in a California superior court—not a federal district court—to be relieved of the CTCA's requirements prior to bringing his claims under state law. Cal. Gov't Code § 946.6. For this reason, the Court holds that as a federal district court, it does not have jurisdiction to grant Plaintiff the relief he seeks under section 946.6. *See San Diego Branch of Nat'l Ass'n for the Advancement of Colored People v. Cnty. of San Diego*, No. 16-CV-2575-JLS (BGS), 2017 WL 5194579, at *3 (S.D. Cal Nov. 9, 2017) (observing that the majority of courts that have addressed the issue have held district courts do not have jurisdiction to grant relief under section 946.6); *see also Cross v. City and Cnty. of San Francisco*, 386 F. Supp. 3d 1132, 1146 (N.D. Cal. 2019) (noting ///

that with regard to section 946.6 "because of federalism concerns, only a state court (and not a federal court) should be allowed to waive the sovereign immunity of the state").

Even if this Court had jurisdiction to grant relief under section 946.6, such relief would not be warranted. Under the CTCA, a party must present all facts and legal bases for recovery in its government claim before filing a lawsuit against a public entity; any subsequent lawsuit must rely upon the same legal and factual bases set out in the claim. *Doe 1 v. City of Murrieta*, 102 Cal. App. 4th 899, 920–21 (2002). A complaint alleging a factual basis for recovery not identified in the government claim is subject to dismissal. *Id.* This requirement functions to provide notice to the public entity, allowing it to investigate and settle any meritorious claims. *Id.* at 920.

Here, Plaintiff's claim against Defendant Olmeda relies upon factual bases distinct from those contained within his First County Claim. The First County Claim made no mention of the letter authored by his mother which is a crucial fact supporting Plaintiff's fraud claim in his FAC. *See* FAC at 6–7; s*ee generally* First County Claim. Further, the First County Claim contained no allegations regarding the falsity of Defendant Olmeda's testimony. *See id.* The First County Claim therefore failed to provide notice to the County of the factual bases of Plaintiff's claim. *See Doe 1*, 102 Cal. App. 4th at 920–21 ("[T]he factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim.") (alteration omitted).

Because Plaintiff failed to meet the requirements of the CTCA and this Court has no jurisdiction to grant Plaintiff relief from those requirements, the Court **DISMISSES** Plaintiff's third cause of action against Defendant Olmeda.

## II. Plaintiff's Claims Against Defendant the County of San Diego

Plaintiff's Second and Third Causes of Action raise claims for vicarious liability against the County based on the the actions of Defendants Olmeda and Richards. FAC at 11, 13. Plaintiff's seventh cause of action against the Board of Supervisors of the County

of San Diego asks the Court to review the Board's November 8, 2018 Notice of Returned Claim. FAC at 5. The Moving Defendants contend that the Court must dismiss all of Plaintiff's claims against the County because they are barred by the CTCA and the County is entitled to immunity. *Id.* at 16–18.

The Court begins with Plaintiff's vicarious liability claim against the County based on the actions of Defendant Olmeda. For all the reasons stated above as to why the fraud claim against Defendant Olmeda is barred by the CTCA, Plaintiff's vicarious liability claim is barred by the CTCA as well. Thus, the Court **DISMISSES** Plaintiff's vicarious liability claim in his third cause of action.

Turning to Plaintiff's vicarious liability claim against the County predicated on the actions of Defendant Richards, the analysis regarding the CTCA is largely applicable here as well. Plaintiff filed his government claim against Defendant Richards on September 24, 2018. Second County Claim at 69. On November 8, 2018, the County denied Plaintiff's claim as untimely. *Id.* at 76. The County noted that because Plaintiff's claim "was not presented within one year, [Plaintiff could] not apply to the Board of Supervisors for leave to present a late claim under Government Code Section 911.4." *Id.* Plaintiff therefore failed to comply with the CTCA requirements when filing his Second County Claim and can only proceed in a lawsuit if he is relieved of those requirements under California Government Code section 946.6. As the Court stated above, Plaintiff cannot seek relief under section 946.6 in federal district court. Therefore, the Court **DISMISSES** Plaintiff's vicarious liability claim in his second cause of action against the County predicated on the actions of Defendant Richards. *See Henderson v. Alameda Cnty. Med. Ctr.*, No. C07-2693 BZ, 2007 WL 1880376, at *2 (N.D. Cal. June 28, 2007) ("[U]ntil plaintiff successfully petitions a proper state court for relief under § 946.6, he cannot bring state tort claims in this court.").

Finally, Plaintiff explains in his Opposition that he did not intend to sue the Board individually. Opp'n at 10. Instead, he clarifies that his seventh cause of action requests this Court review the County's November 8, 2018 Notice of Returned Claim regarding the

8

17-CV-2592 JLS (JLB)

claim against Defendant Richards. *Id.* Because the County found that Plaintiff's claim was filed over a year after the incident and thus untimely, Plaintiff is essentially requesting relief from the CTCA requirements under section 946.6. The Court reiterates that Plaintiff must file any claim for relief from the CTCA claim presentation requirements in a California superior court, not the federal district court. Thus, the Court **DISMISSES** Plaintiff's seventh cause of action. *See Hill v. City of Clovis*, No. 1:11-CV-1391 AWI SMS, 2012 WL 787609, at *12 (E.D. Cal. Mar. 9, 2012) ("[O]nly state superior courts have been given the authority to grant relief pursuant to § 946.6(a).").

### III. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Leave to amend, however, may be denied at a district court's discretion for reasons including "futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the Court exercises its discretion to deny Plaintiff leave to amend because amendment would be futile. Plaintiff's claims against the Moving Defendants failed to comply with the CTCA because Plaintiff failed to file his claims timely, and any relief from the CTCA requirements must be sought in superior court. These deficiencies cannot be cured by amendment and, therefore, "there [is] no need to prolong the litigation by permitting further amendment." *See Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002). Accordingly, the Court denies leave to amend. *See Hill*, 2012 WL 787609, at *13 (dismissing state tort claims without leave to amend for failure to show compliance with the CTCA "since it appear[ed] that allowing amendment . . . would be futile").

### CONCLUSION

In light of the foregoing, the Court **GRANTS** the Moving Defendants' Motion to Dismiss, ECF No. 41, and **DISMISSES WITHOUT PREJUDICE** and **WITHOUT LEAVE TO AMEND** Plaintiff's claims against Defendants Olmeda and the County of San Diego. Specifically, the Court **DISMISSES** Plaintiff's second cause of action as it

pertains to the vicarious liability claims against Defendant the County of San Diego, Plaintiff's third cause of action in its entirety, and Plaintiff's seventh cause of action in its entirety.

**IT IS SO ORDERED.**

Dated: September 23, 2019

Hon. Janis L. Sammartino
United States District Judge