UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ACEDO,<br><br>                                        Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; PAUL RICHARDS; CARLOS OLMEDA; CAROLYN COLVIN; CALIFORNIA DEPARTMENT OF VITAL STATISTICS; CALIFORNIA DIRECTOR OF SOCIAL SERVICES; DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES; and BOARD OF THE COUNTY OF SAN DIEGO,<br><br>                                        Defendants. | Case No.: 17-CV-2592 JLS (JLB)<br><br>**ORDER DENYING REQUEST TO REMOVE ORDER FROM LEXIS NEXIS DATABASE**<br><br>(ECF No. 68) |

Presently before the Court is Plaintiff's Motion to Remove Order from Lexis Nexis Database (ECF No. 68). Plaintiff contends that the Court has sealed the case and therefore any Orders from the Court should not be published and accessible by anyone who is not a case participant. *Id.* at 1–2. Plaintiff points to the Court's July 16, 2018 Order in which the Court stated that "the Clerk of Court restricted access to documents in this case to only

the parties participating in the case." *Id.* (quoting ECF No. 29). Plaintiff contends that the sensitive nature of the case warrants keeping the matter entirely confidential. *Id.*

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

Here, the Court has not sealed the entire case and does not find that such action is necessary or appropriate. Both Parties have sought the Court's permission to file juvenile records and other sensitive documents under seal and the Court has granted those requests when appropriate. The Court recognizes the sensitive nature of the facts in this case; however, these considerations do not outweigh the strong presumption in favor of access. The remaining documents, including this Court's Orders, shall remain accessible to the public. The Court therefore **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

Dated: January 30, 2020

Hon. Janis L. Sammartino
United States District Judge

2