UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ACEDO,<br><br>                                     Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; PAUL RICHARDS; CARLOS OLMEDA; CAROLYN COLVIN; CALIFORNIA DEPARTMENT OF VITAL STATISTICS; CALIFORNIA DIRECTOR OF SOCIAL SERVICES; DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES; and BOARD OF THE COUNTY OF SAN DIEGO,<br><br>                                     Defendants. | Case No.: 17-CV-2592 JLS (JLB)<br><br>**ORDER DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A** |

Presently before the Court is Defendants the California Director of the California Department of Child Support Services and the California Department of Public Health Statistics and Informatics Request for Screening Order Under 28 U.S.C. § 1915A (ECF No. 80). After reviewing the Plaintiff Daniel Acedo's First Amended Complaint (ECF No. 40), the Court **DISMISSES** Plaintiff's Complaint in its entirety.

///

# BACKGROUND

Plaintiff Daniel Acedo, proceeding pro se, is currently an inmate at California Men's Colony. *See generally* First Amended Complaint ("FAC"), ECF No. 40; *see also* ECF No. 80 at 6.[1]  In his FAC, Plaintiff asserted seven causes of action against Defendants Paul Richards, Carolyn Colvin, the California Department of Vital Statistics,[2] the California Director of Social Services, the California Director of the California Department of Child Support Services, and the Board of the County of San Diego. *See generally* FAC.  Five of these causes of action remain and are now subject to this screening order.[3]

Plaintiff's first cause of action seeks a writ of mandamus to compel Defendant Carolyn Colvin, the Commissioner of the Social Security Administration, to process his 2016 application for social security child survivor benefits under 28 U.S.C § 1361 ("Claim 1").  *Id.* at 5.  Plaintiff alleges he submitted the application on or about September 12, 2016, but his application was never processed.  *Id.* at 5–6.

Plaintiff's second cause of action is for legal malpractice against Defendant Paul Richards ("Claim 2").  *Id.* at 7, 10.  This claim stems from two hearings held in April and May of 2000 before the California Superior Court, Juvenile Division ("Juvenile Court") regarding a petition to terminate Plaintiff's biological parents' parental rights.  *Id.* at 6–7, 12.  Plaintiff alleges that Richards, his court appointed counsel during the hearings, provided ineffective legal services that denied him a chance at family reunification and caused him emotional distress.  *Id.* at 7, 10.

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

[2] The named Defendant, the California Director of California Vital Statistics, does not exist. Instead, relevant records are preserved by the California Department of Public Health Statistics and Informatics. *See* ECF No. 80 at 2.

[3] In earlier proceedings, Defendants County of San Diego and Mr. Olmeda moved to dismiss all claims against them.  ECF No. 41.  The Court granted their motion on September 23, 2019 and dismissed Plaintiff's claims against the County and Mr. Olmeda.  ECF No. 69.  Plaintiff's second cause of action as it pertains to the vicarious liability against the County, and Plaintiff's third and seventh causes of action in their entirety, are therefore no longer at issue.

Plaintiff's fourth cause of action seeks to compel the California Department of Public Health Statistics and Informatics to correct his birth certificate and provide a new copy without charging a fee ("Claim 4"). *Id.* at 13–14.  This claim arises out of Plaintiff's failed attempts to amend his birth certificate. *Id.* at 4, 13–14 & Ex. 2.

Plaintiff's fifth cause of action seeks to compel Defendant California Director of Social Services to provide a process to facilitate Plaintiff's access to state disability benefits ("Claim 5"). *Id.* at 15.  Plaintiff alleges he should be receiving social security disability benefits. *Id.*

Plaintiff's sixth cause of action seeks to compel Defendant California Director of the California Department of Child Support Services to collect child support from Luis Manuel Acedo ("Claim 6"). *Id.* at 16.  It stems from a dispute over child support. *Id.*

On March 13, 2020, Defendants California Director of the California Department of Child Support Services and California Department of Public Health Statistics and Informatics waived their right to reply to Plaintiff's Complaint and requested the Court screen the Complaint under 28 U.S.C. § 1915A. *See* ECF No. 80 at 1–2.

## LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is required to screen "any complaint in a civil action in which a prisoner seeks redress from a governmental entity, or office or employee of a governmental entity."  As part of the required screening, the Court must *sua sponte* dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint "contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Further, "[w]hile factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679). Finally, in deciding whether Petitioner has stated a plausible claim for relief, the Court also may consider exhibits attached to his filing. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) (noting that "material which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss)).

Courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, a court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d

494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## ANALYSIS

### I.   Subject Matter Jurisdiction

"Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)).   Petitioner alleges that this Court has jurisdiction over Claim 1, the claim against Carolyn Colvin, under the Mandamus and Venue Act of 1961, 28 U.S.C. § 1361.  *See* FAC at 2.

Under § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  "[M]andamus [is] appropriate only when a party demonstrate[s] that the [Commissioner] 'owe[d] him a clear nondiscretionary duty.'" *Briggs v. Sullivan*, 886 F.2d 1132, 1142 (9th Cir. 1989) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)) (fifth alteration in original).  "Mandamus is an 'extraordinary remedy,'" *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir.1998), that "is available only when '(1) the plaintiff's claim is clear and certain; (2) the duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.'" *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003) (quoting *Or. Nat. Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995)).  Further, before seeking mandamus relief, a social security claimant must exhaust all administrative remedies.  *Hironymous v. Bowen*, 800 F.2d 888, 893 (9th Cir. 1986).

The Court finds Plaintiff has failed to establish he is entitled to mandamus relief regarding Claim 1.  Plaintiff alleges that the Social Security Administration ("SSA") and, by extension the director of the SSA, Carolyn Colvin, never responded to Plaintiff's 2016 application for child survivorship benefits.  *See* FAC at 5 & Ex. 1.  Plaintiff, however, has

not demonstrated any attempt to exhaust any available administrative remedies.  *See generally* FAC.  According to Plaintiff, he did not receive any correspondence from the SSA regarding his application, yet there is no indication Plaintiff ever attempted to contact the SSA, resubmit the application, or take advantage of any other available procedures to remedy his complaint. *See id.* at 5–6.  Without such a showing, the Court has no mandamus jurisdiction. *See Hironymous*, 800 F.2d at 893.

Moreover, before seeking judicial review of a denial of benefits under 42 U.S.C. § 405(g), Plaintiff must show "that [his] claim for benefits [was] presented to the Secretary," and that the Secretary made a "final decision" on the claim. *See Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).  Plaintiff has not established that the Secretary has made any decision concerning his application for benefits, let alone one that is final. *See generally* FAC.

Thus, the Court concludes that it has no mandamus jurisdiction over Plaintiff's claim against Carolyn Colvin and therefore **DISMISSES** Claim 1.

## II.   Supplemental Jurisdiction

Plaintiff alleges that this Court has supplemental jurisdiction over Claims 2, 4, 5, and 6—Plaintiff's state law claims—under 28 U.S.C. § 1367(a).  *See* FAC at 2–4.  Under § 1367(a), "in any civil action in which the district courts have original jurisdiction, district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy" of the claim with original jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (requiring that any supplemental claim share "a common nucleus of operative fact" with the original jurisdiction claim); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (supplement jurisdiction is proper when "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court compromises but one constitutional 'case'" (citing *Gibbs*, 383 U.S. at 725)).

As discussed above, the Court does not have jurisdiction over Claim 1, which is the only federal claim in this case.  With the dismissal of Claim 1 for lack of subject matter

jurisdiction, the Court has no authority to retain jurisdiction over Plaintiff's remaining state law claims. *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) ("[W]e have determined that the district court lacked subject matter jurisdiction. Thus, we have no discretion to retain supplemental jurisdiction over [the plaintiff's] state law claims.").

Moreover, even if the Court had subject matter jurisdiction over Claim 1, none of Plaintiff's state law claims derive from "a common nucleus of operative fact." *See generally* FAC; *Gibbs*, 383 U.S. at 725. Claim 1 is limited to Plaintiff's 2016 application for social security child survivor benefits. FAC at 5. In contrast, Claim 2 arises out of the actions of Plaintiff's court appointed legal counsel during Juvenile Court proceedings in April and May of 2000, *id.* at 6–7; Claim 4 stems from Plaintiff's failed attempts to amend his birth certificate in 2017 and 2018, *id.* at 14 & Ex. 2; Claim 5 addresses Plaintiff's alleged right to social security disability benefits, *id.* at 14; and, finally, Claim 6 derives from alleged nonpayment of child support, *id.* at 16. In sum, Claims 2, 4, 5 and 6 all stem from situations that are unrelated to the operative facts in Claim 1. Therefore, Claims 2, 4, 5 and 6 fail to satisfy the requirements of supplemental jurisdiction.

Because Claim 1 failed to meet the requirements of mandamus jurisdiction, and the Court lacks discretion to retain supplemental jurisdiction over the remaining claims, the Court **DISMISSES** all of Plaintiff's state law claims.

## III. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Leave to amend, however, may be denied at a district court's discretion for reasons including "futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the Court exercises its discretion to deny Plaintiff leave to amend because amendment would be futile. Plaintiff's claim against Carolyn Colvin failed because Plaintiff did not exhaust his administrative remedies. And without jurisdiction over the

17-CV-2592 JLS (JLB)

only federal claim, the Court has no supplemental jurisdiction over Plaintiff's unrelated state law claims.  These deficiencies cannot be cured by amendment and, therefore, "there [is] no need to prolong the litigation by permitting further amendment."  *See Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002).  Accordingly, the Court denies leave to amend.

## CONCLUSION

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint in its entirety.  Plaintiff's pending motions are therefore **DENIED AS MOOT** (ECF Nos. 74, 76, 78, 82).  Because amendment would be futile, the Court **DENIES** leave to amend.  The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated:  June 24, 2020

Hon. Janis L. Sammartino
United States District Judge