UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ACEDO,<br><br>                Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; PAUL RICHARDS; CARLOS OLMEDA; CAROLYN COLVIN; CALIFORNIA DEPARTMENT OF VITAL STATISTICS; CALIFORNIA DIRECTOR OF SOCIAL SERVICES; DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES; and BOARD OF THE COUNTY OF SAN DIEGO,<br><br>                Defendants. | Case No.: 17-CV-2592 JLS (JLB)<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>(ECF No. 93) |

Presently before the Court is Plaintiff Daniel Acedo's Motion to Reinstate and Remand to State Court ("Mot.," ECF No. 93). Plaintiff seeks to have this case remanded to state court three years after it was removed by Defendants based on federal question jurisdiction. ("Notice of Removal" at 4, ECF No. 1.) Since removal, this Court has dismissed Plaintiff's First Amended Complaint, and Plaintiff filed a Notice of Appeal. (*See*

///

ECF No. 83; "Notice of Appeal," ECF No. 87.)  For the following reasons, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND

Plaintiff Daniel Acedo, proceeding pro se, is currently an inmate at California Men's Colony.  *See generally* First Amended Complaint ("FAC"), ECF No. 40.  In his FAC, Plaintiff asserted seven causes of action against Defendants Paul Richards, Carolyn Colvin, the California Department of Vital Statistics,[1] the California Director of Social Services, the California Director of the California Department of Child Support Services, and the Board of the County of San Diego.  *See generally* FAC.

On March 13, 2020, Defendants California Director of the California Department of Child Support Services and California Department of Public Health Statistics requested the Court screen the FAC under 28 U.S.C. § 1915A.  *See* ECF No. 80 at 1–2.  The Court screened Plaintiff's FAC and found it had no mandamus jurisdiction over Plaintiff's single federal claim; accordingly, the Court found it had no discretion to retain supplemental jurisdiction over Plaintiff's remaining state law claims.  ECF No. 83 at 6–7.  The Court dismissed Plaintiff's FAC in its entirety and, finding amendment would be futile, denied leave to amend.  *Id.* at 7–8.  Plaintiff filed petition for writ of mandamus to the Ninth Circuit, and the notice of appeal was deemed filed on July 16, 2020.  *See generally* Notice of Appeal.

The Court accepted the present Motion to Reinstate and Remand to State Court *nunc pro tunc* to November 2, 2020.  *See generally* Mot.

## LEGAL STANDARD

"[T]he filing of a notice of appeal generally divests the trial court of jurisdiction." *In re Silberkraus*, 336 F.3d 864, 869 (9th Cir. 2003).  The notice of appeal is "an event of

---

[1] The named Defendant, the California Director of California Vital Statistics, does not exist. Instead, relevant records are preserved by the California Department of Public Health Statistics and Informatics. *See* ECF No. 80 at 2 n.1.

jurisdictional significance" that "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citing *United States v. Hitchmon*, 587 F.2d 1357 (5th Cir. 1979)).  This judge-made rule "promote[s] judicial economy and avoid[s] the confusion that would ensue from having the same issues before two courts simultaneously." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983); 20 James Wm. Moore, Moore's Federal Practice, § 303.32[1] (3d ed. 2000)).  Any action taken by the district court during the pendency of an appeal "may not materially alter the status of the case on appeal." *Id.* (citing Allan Ides, The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed, 143 F.R.D. 307, 322 (1992)).

## ANALYSIS

In the present Motion seeking remand, Plaintiff argues that "[t]he legal malpractice claim could not have been dismiss[ed] and the Court by clear error and an erroneous view of the law dismissed rather than remand." Mot at 1.[2]  Plaintiff asserts that "doctrines of equitable estoppel and tolling apply however the court did not consider such claim as a matter of law and under the comity its best that the state court review and remand was proper recourse . . . ." *Id.* at 2.

Plaintiff appealed the Court's August 25, 2020 Order where the Court dismissed Plaintiff's FAC in its entirety based on jurisdictional grounds.  *See* ECF No. 83; Notice of Appeal.  In his Notice of Appeal, Plaintiff states that he "sought [this Court] to invoke jurisdiction to compel the director of the [Social Services] to process [Plaintiff's] application for child survivor benefits." Notice of Appeal at 6.  Plaintiff argues on appeal that this Court "has a duty to follow the law and such duty includes taking jurisdiction of the cause of actions . . . ." *Id.* at 7.

///

---

[2] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

Plaintiff's Motion to Remand concerns this Court's jurisdiction over the present action, which is an issue involved in Plaintiff's appeal. Additionally, to grant Plaintiff's requested relief would "materially alter the status of the case on appeal." *Nat. Res. Def. Council, Inc.*, 242 F.3d at 1166. This Court's jurisdiction to consider such a request was divested when Plaintiff filed a notice of appeal. *See In re Silberkraus*, 336 F.3d at 869.

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion to Reinstate and Remand to State Court (ECF No. 93).

**IT IS SO ORDERED.**

Dated: January 4, 2021

Hon. Janis L. Sammartino
United States District Judge